# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARGARET RUDIN,

    Petitioner,

vs.

CAROLYN MYLES, et al.,

    Respondents.

Case No. 2:11-CV-00643-RLH-(GWF)

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' motion to dismiss (#6), petitioner's opposition (#11), and respondents' reply (#12). The court finds that the petition is untimely, and the court grants respondents' motion (#6).

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418).

After a jury trial in the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of first-degree murder with the use of a deadly weapon and unauthorized surreptitious intrusion of privacy by a listening device. The court entered its judgment of conviction on September 17, 2001. Respondents' Ex. A (#8). Petitioner appealed, and the Nevada Supreme Court affirmed on April 1, 2004. Respondents' Ex. B (#8). Petitioner did not petition the Supreme Court of the United States for a writ of certiorari, and the time to file such a petition expired on June 30, 2004.

Petitioner then sought post-conviction relief in the state courts. On July 14, 2004, she filed a proper-person motion for appointment of post-conviction counsel, who would file a habeas corpus petition. Respondents' Ex. C (#8). On November 10, 2004, the state district court granted that motion and appointed Dayvid Figler to represent her. Respondents' Ex. E (#8). A written order to that effect was entered on November 24, 2004. Respondents' Ex. D (#8). Petitioner had wanted to file other proper-person documents, and the court turned them over to Figler. Respondents' Ex. E (#8). After a couple of years in which counsel filed no petition, petitioner filed two motions to have counsel replaced. Respondents' Ex. F, H (#8). The state district court agreed, and at a hearing on July 19, 2006, the court appointed Christopher Oram to represent petitioner. Petitioner's Ex. C, p. 3 (#1). A written order to that effect was entered on August 17, 2006. Respondents' Ex. I (#8).

-2-

Petitioner filed a state habeas corpus petition, titled erroneously as a supplemental petition, on August 21, 2007. Petitioner's Ex. A (#1). The state district court reached the merits of the petition, and it granted relief to petitioner. Petitioner's Ex. C (#1). The state appealed. The Nevada Supreme Court determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. Petitioner's Ex. G (#1). The Nevada Supreme Court then denied panel rehearing and en banc reconsideration, the latter occurring on June 25, 2010. Petitioner's Ex. H, L (#1). Remittitur issued on May 2, 2011. Respondents' Ex. J (#8).

Petitioner commenced this action on April 25, 2011, before the Nevada Supreme Court issued its remittitur.

For the moment, the court will give petitioner every benefit of the doubt. The court will assume that petitioner was unable to file anything while Figler was representing her.[1] The court will assume that Figler's representation of petitioner began when the state court appointed him at the hearing on November 10, 2004, and not on November 24, 2004, when it entered its written order. The court will assume that Oram's representation of her began on August 17, 2006, when the written order of appointment was entered, and not on July 19, 2006, when the state district court appointed Oram at a hearing.[2] The court will assume that equitable tolling operates like quasi-statutory tolling, in which the period of limitation is stopped while petitioner was unable to file anything and then resumes after the removal of the impediment. The court will assume that the time

---

[1] The Supreme Court of the United States recently issued a decision in Maples v. Thomas, 2012 WL 125438 (2012). It held that post-conviction counsels' abandonment of Maples in state court was good cause to excuse procedural default in federal court. Id., at *14. The Court based its decision in part upon its discussion of attorney abandonment in Holland v. Florida. Id., at *10-11. To the extent that Maples has any applicability to untimely federal petitions, Maples has no effect upon the court's decision, because the court already is assuming that the time Figler represented petitioner does not count toward the period of limitation.

[2] The court is deliberately inconsistent in its application of dates. If the court determines that Figler started representing petitioner when the state district court orally appointed him, on November 10, 2004, then the court also should determine that Figler's representation ended, and Oram's representation began, on July 19, 2006, when the court orally appointed Oram. If the court determines that Oram's representation of petitioner began when the court entered a written order, on August 17, 2006, then the court also should determine that Figler started representing petitioner on November 24, 2004, again, when the court entered a written order. However, the court is giving petitioner every benefit of the doubt.

-3-

spent while the state habeas corpus petition and appeal were pending was eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2).

All those assumptions make no difference. The judgment of conviction became final on June 30, 2004, and the period of limitation commenced the next day. 28 U.S.C. § 2244(d)(1)(A). No post-conviction petition or other motion for collateral review was filed in state court on or after that date until August 21, 2007, and thus statutory tolling pursuant to § 2244(d)(2) was unavailable. Figler's representation of petitioner commenced no earlier than November 10, 2004, one hundred thirty-three (133) days later.[3] Figler's representation of petitioner ended on August 17, 2006. Assuming that Figler's representation tolled the period of limitation, petitioner had two hundred thirty-two (232) days remaining, or through April 6, 2007, to file a post-conviction petition in state court. When petitioner filed her state post-conviction petition on August 21, 2007, five hundred two (502) non-tolled days had passed. Even with every possible benefit of the doubt that the court could give petitioner, the federal period of limitation expired more than four months before petitioner filed her state petition.

In reality, the assumptions that the court has made are debatable at best. First, petitioner's arguments about the timeliness of the state post-conviction petition are irrelevant. If the state petition was timely, then it would be properly filed and qualified to toll the federal period of limitation pursuant to 28 U.S.C. § 2244(d)(2). Nonetheless, the federal period of limitation had expired more than four months before petitioner filed her state petition. There was no time left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Second, petitioner cannot argue in this court about the correctness of the Nevada Supreme Court's ruling on the timeliness of the state petition. The Nevada Supreme Court held that the state petition was untimely, and that is the end of the matter for the question whether it was properly filed and eligible for statutory tolling of the federal period of limitation. Pace, 544 U.S. at 414. Petitioner's argument that the Nevada Supreme Court failed to consider equitable tolling pursuant to Holland v. Florida is unpersuasive. An error in the state post-conviction proceedings is not

---

[3] In her opposition (#11), petitioner does not address this span of time.

-4-

1 addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).
2 Additionally, Holland was solely a case of statutory interpretation. The Court noted that it had held
3 previously that § 2244(d) was not jurisdictional. 130 S. Ct. at 2560. The Court then noted that
4 other prior decisions had established a rebuttable presumption that a non-jurisdictional federal
5 statute of limitations is subject to equitable tolling, and that the presumption was strengthened in the
6 case of § 2244(d) because equitable principles govern federal habeas corpus law. Id. at 2560-61.
7 The Court distinguished two other cases in which it had determined that certain federal statutes of
8 limitations were not subject to equitable tolling. Id. at 2561-62. Finally, the court determined that
9 equitable tolling did not undermine Congress' purpose in enacting the Antiterrorism and Effective
10 Death Penalty Act, which created the statute of limitations and other restrictions upon federal habeas
11 corpus petitions. Id. at 2562. Nowhere in Holland did the Court state that the Constitution of the
12 United States required equitable tolling for § 2244(d). Without a constitutional basis, there is no
13 reason why Holland is applicable to a state statute of limitation like Nev. Rev. Stat. § 34.726.[4]

14       Third, equitable tolling does not stop the limitation clock in the same way that the statutory
15 tolling of § 2244(d)(2) does. "[T]he one-year statute of limitations for filing a habeas petition may
16 be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to
17 file a petition on time.' The prisoner must show that the 'extraordinary circumstances' were the
18 cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

---

[4]Petitioner's argument based upon Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), is equally inapposite. While the petitioner in Bills was a state prisoner, the timeliness of the state habeas corpus petition and its tolling of the federal statute of limitations were not at issue. The state petition was timely, and it tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). See Bills, 628 F.3d at 1094. The issue in Bills was whether the federal statute of limitations should be equitably tolled because of the petitioner's argued incompetence. Id. at 1093. The court of appeals never ruled that federal law required equitable tolling of a state statute of limitations.

-5-

Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (citations omitted). The Court of Appeals for the Ninth Circuit has not applied a stop-the-clock rule for equitable tolling of § 2244(d). Instead, it looks upon equitable tolling as an equitable concept. As noted in Allen, petitioner must demonstrate causation as part of the requirement that she is pursuing her remedies diligently. See, e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006); Spitsyn, 345 F.3d at 799. In Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court determined that equitable tolling might have been warranted, but it applied the same causation rule which it had adopted in Allen, and the court remanded for further argument on whether equitable tolling was warranted. 304 F.3d at 922-26.[5] Diligence requires a petitioner to file a petition as promptly as reasonably possible upon learning that the period of limitation had expired and upon the removal of the circumstances that prevented filing. A petitioner who delays filing a petition in federal court while pursuing motions and petitions in state court, assuming that the federal court will equitably toll the period of limitations, has demonstrated neither a circumstance that prevents timely filing nor diligence in pursuing his remedies. Waldron-Ramsey is instructive. The petitioner in that case argued that the period of limitation should have been equitably tolled because he did not have access to all of his legal records. The court of appeals held:

> Moreover, even if Waldron-Ramsey may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA deadline. If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, or at least could have filed it less than 340 days late assuming that some lateness could have been excused.

556 F.3d at 1014 (emphasis added).

Even if the court were to determine that petitioner was unable to file a federal petition while Figler represented her, that inability ended when Figler's representation ended. Petitioner did not file a federal petition promptly after that time. Instead, petitioner waited more than a year to file a

---

[5] Judge McKeown's argument for a stop-the-clock rule did not have majority support. 304 F.3d at 926-27 (McKeown, J, concurring in the judgment).

1  state petition.  Petitioner has not explained why it took so long to file the state petition, and
2  petitioner has not explained why she did not file a federal petition at the same time, if not earlier.  In
3  short, petitioner has not shown that she was pursuing her rights diligently.
4       Fourth, equitable tolling is not warranted while petitioner was pursuing her untimely state
5  habeas corpus petition.  No law stopped petitioner from filing a federal habeas corpus petition
6  simultaneously with a state habeas corpus petition, although the exhaustion requirement of 28
7  U.S.C. § 2254(b) might have prevented this court from granting relief.  The Supreme Court of the
8  United States has noted that when the timeliness of a state petition might be an issue, a person can
9  file a federal habeas corpus petition while the state petition is pending, and then the person can
10 move to stay the federal petition until the conclusion of the state post-conviction proceedings.  Pace,
11 544 U.S. at 416-17.  Petitioner has not demonstrated any extraordinary circumstance that stood in
12 the way of her filing a federal habeas corpus petition while the state petition was pending.  See
13 Holland, 130 S. Ct. at 2562.
14      Fifth, it is debatable whether equitable tolling in this court is warranted while Figler was
15 representing petitioner in state court.  Petitioner has demonstrated that she might not have been able
16 to file a proper-person petition in state court because, pursuant to Eighth Judicial District Court Rule
17 3.70, a represented petitioner cannot file proper-person documents.[6]  However, petitioner has not
18 demonstrated that she was unable to file a proper-person petition in this court.  Nobody represented
19 petitioner in this court at the time, and thus no rule kept her from filing a proper-person federal
20 petition.  Petitioner knew that Figler was not filing a petition in state court, and she was frustrated
21 by the delay.  See Respondents' Ex. H, p. 2 (#8).  It is possible that petitioner lacked the documents
22 from her trial that she would have needed to develop her grounds for relief, because Figler
23 possessed those documents, and thus she was hindered from completing a federal petition.
24 However, that is only the court's speculation.  It is petitioner's responsibility to demonstrate that

---

27  [6]This court's Local Rule IA 10-6(a) is similar.  On the other hand, such a common rule makes it difficult to describe an inability to file a proper-person document while being represented as an extraordinary circumstance.

Figler's representation of petitioner in state court made it impossible for her to file a petition in federal court. See Holland, 130 S. Ct. at 2562. She has made no such demonstration.

The court's rejection of the preceding five assumptions can be debated among jurists of reason. What is not debatable, however, is the court's determination that this action is untimely even when the court gives petitioner every benefit of the doubt. For that reason, the court will not issue a certificate of appealability.

Petitioner has submitted a motion to hold issue 1(A) in abeyance until a similar issue is decided by the United States Supreme Court (#13), and respondents have filed an opposition. Petitioner wants this court to wait until the Supreme Court of the United States has decided Wood v. Milyard, No. 10-9995. The questions that the Court is considering in Wood are:

> 1) Does an appellate court have the authority to raise sua sponte a 28 U.S.C. § 2244(d) statute of limitations defense?  2) Does the state's declaration before the district court that it "will not challenge, but [is] not conceding, the timeliness of wood's habeas petition," amount to a deliberate waiver of any statute of limitations defense the state may have had?

The questions that the Supreme Court is considering are only questions of interpretation of § 2244(d), the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases in the United States District Courts. Nothing in the questions or the petitioner's brief indicates that there is a constitutional issue that might be applicable to state statutes of limitations. See Wood v. Milyard, 2011 WL 6094907 (opening brief). The decision in the court of appeals was based solely upon interpretation of § 2244(d). See Wood v. Milyard, 403 Fed. Appx. 335 (10th Cir. 2010). Just like Holland v. Florida, any decision in Wood will be inapplicable to petitioner's case. There is no reason why the court should hold this action or any issue in abeyance until the Supreme Court issues its decision.

///
///
///
///
///
///

1      IT IS THEREFORE ORDERED that petitioner's motion to hold issue 1(A) in abeyance until
2 a similar issue is decided by the United States Supreme Court (#13) is **DENIED**.
3      IT IS FURTHER ORDERED that respondents' motion to dismiss (#6) is **GRANTED**.  This
4 action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment
5 accordingly.
6      IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
7      DATED:  January 24, 2012.

_____
ROGER L. HUNT
United States District Judge