UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARGARET RUDIN,

    *Petitioner,*

v.

CAROLYN MYLES, *et al.,*

    *Respondents*.

Case No. 2:11-cv-00643-RFB-GWF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 is pending before the Court for final disposition.

The Ninth Circuit has emphasized that district courts reviewing habeas matters must independently review the relevant state court record materials. *See Nasby v.McDaniel*, 853 F.3d 1049 (9th Cir. 2017). The Court's ability to independently review the voluminous record in this matter currently is compromised for multiple reasons.

*First*, the Court has encountered multiple flaws in the exhibits and index of exhibits filed by respondents, after figuratively only having "scratched the surface" in its review of the record. In that only preliminary and partial review, the Court has encountered multiple exhibits with flaws ranging from apparent imaging errors to federal exhibit filings that include a jumbled hodgepodge of pages from what appear to be multiple different state court filings rather than only the filing identified in the index.[1] The Court further has

---

[1] Exhibits 59 and 61 have apparent imaging/scanning errors. Exhibit 148 appears to be incomplete. Exhibits 150, 153 and 154 each appear to be a combination of at least parts of multiple different filings.

1

encountered errors in the dates and/or descriptions of exhibits in respondents' index of exhibits.[2]

The Court therefore is unable to confidently rely upon respondents' exhibits as reflecting a correct, complete (as to relevance), and accurate representation of what was filed in the state court record. Nor can the Court confidently rely upon respondents' index of exhibits to reliably navigate through the voluminous exhibits in this matter.

The Court cannot accept this situation given its obligations as recognized in *Nasby*. The Court therefore must direct respondents to certify, as specified at the end of this order, that: (a) respondents' staff has re-reviewed every singe page of the exhibits and index of exhibits on file; (b) all errors in the exhibits and index of exhibits have been corrected; and (c) to the best of respondents' knowledge, there are no more errors in the exhibits and index of exhibits filed in the federal record.

The Court understands that the record is voluminous, filling the equivalent of five copy paper boxes in hard copies. But that heightens – not lessens – the need to do the filing right.

The Court further understands that it is not generally feasible for counsel to individually prepare the state court record exhibits for filing, and that counsel necessarily must rely on staff assistance. In the final analysis, however, counsel's duty to file a correct representation of the underlying state court record materials is nondelegable. The Court trusts that, after corrected materials are filed in response to this order, a second order in this regard will not be necessary. If it is, that order instead will direct counsel to personally review all of the exhibits, again page by page, and certify the correctness of his filing, without reliance on any delegation to staff whatsoever. The careless manner of filing reflected in the multiple examples noted in this order cannot be tolerated.

---

[2] Exhibit 17 is indexed with an erroneous January 27, 2000, date, inadvertently giving the impression that Mr. Amador substituted into the case six months before he did. Exhibit 138 is identified as a "Motion to Disqualify Clark County District Attorney's Fees." (ECF No. 55, at 10.) The actual motion was one to disqualify the Clark County "District Attorney's Office." (ECF No. 62-20, at 3.) While the latter example may appear trivial at first glance, the Court must rely upon respondents' index of exhibits as the "table of contents" in its independent review of the underlying state court record. "Kind of, sort of" inaccurate exhibit descriptions in the index will not suffice.

*Second*, the apparently Bates-number state court record citations in petitioner's first amended petition (ECF No. 46) do not correlate to anything that the Court has before it in the federal record. The Court therefore is unable to quickly and reliably look from the discussion in the 143-page first amended petition directly to the cited state court record material.

This situation is due in part to the procedure by which state court record materials are made of record in habeas cases in this District. The Court does not "call up" the (often Bates-number stamped) state appellate record, and the respondents typically are not called upon to file copies of relevant state court record exhibits until they file a response to the petitioner's pleadings. However, even prior to the filing of state court record exhibits by respondents, the petitioner still must identify cited state court record materials by more than numbers that are cryptic in the context of the federal record.

The Court accordingly will direct petitioner to file – after respondents have corrected and supplemented the exhibits on file – a second amended petition which integrates proper exhibit citations within the amended petition, as further specified below.

*Third*, the current record does not appear to include items that perhaps may be relevant to the claims before the Court.

The state court record exhibits do not appear to include: (a) the district court minutes, which fill in some of the gaps in the materials that are presented; and (b) witness and expert witness lists (two lists total) filed by the State (?) on February 1, 2001.

The retainer or defense fee agreement between Michael Amador and Ms. Rudin executed on or about July 25, 2000, also was reviewed by the state district court, and that agreement potentially is relevant to claims relating to an alleged conflict of interest by defense counsel. A copy of the agreement was kept as a court exhibit under seal, and the trial judge later had the bailiff show Ms. Rudin a copy of the agreement during a post-verdict proceeding. (*See* ECF No. 62-2, at 9-10; ECF No. 69-18, at 10-11.) If a copy of the agreement still is extant, the Court would like to review it. The agreement may be filed under seal if warranted.

Petitioner further makes numerous references to a video of trial proceedings. Petitioner in particular encourages the Court to review a video of the defense opening statement, refers at one point to the video or a video having been recorded by "an independent news network," and references an alleged Exhibit A containing a video. (ECF No. 46, at 58, 60, 73, 77, 82, 83, 93 & 96.) It does not appear that there is an Exhibit A video exhibit or any other manual filing of any video exhibit in the federal record. The Court is not certain that, even if a video exhibit is available and is filed by a party, the material properly can be considered in this matter. It expresses no opinion in that regard at this point.[3] The Court notes only that there currently is no video exhibit in the federal record, and it includes provisions in this regard in the disposition paragraphs in this order.

As to all steps directed by this order, requests for extension of time are disfavored. This federal habeas case has been pending for over eight years overall; Ms. Rudin has been incarcerated for approaching twenty years; and it appears that she is 76 years old. The Court does not wish to have this latest snafu in approaching twenty years of litigation, regarding the state court record exhibits, delay a final disposition of this matter any further. Nor is the Court favorably inclined toward grant of extensions of time to correct errors in state court record exhibits that should have been filed correctly the first time approaching three years ago. Any requests for extension of time based upon scheduling conflicts with another case in this District will be considered only if the other case was filed prior to the April 25, 2011 original filing date of this action.

---

[3] The state supreme court rejected petitioner's claims of ineffective assistance of trial counsel on the basis of procedural default rather than on the merits. It therefore can be credibly argued that *Cullen v. Pinholster*, 563 U.S. 170 (2011), would not preclude this Court's consideration of any video evidence that perhaps was not included in the state court record. The Court's review in this case both as to issues under *Martinez v. Ryan*, 566 U.S. 1 (2012), and as to the merits if reached appears to be *de novo*. That said, however, if the video referenced by petitioner was not an official court record, there may be issues related to authenticity, reliability, and similar concerns. Video evidence potentially can be subject to misleading camera angles, poor sound quality, selective editing, and even potentially "photoshopping." If the referenced video in fact was not an official court record and instead was the product of "an independent news network," petitioner will have to establish by apposite authority that the video can be considered by the Court in the first instance. The Court makes no anticipatory holding as to the admissibility of any such video and/or the necessity of having any such evidence prior to a ruling herein. In all events, the Court at this late juncture will not delay these proceedings further for extensive litigation on this collateral issue. If it cannot be demonstrated promptly that the video evidence is both available and admissible in this proceeding, the Court will proceed on to a final resolution of this matter.

4

The Court, in the meantime, will continue its review and analysis of the case, as it is seeking to resolve this matter as expeditiously as possible.

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this order, respondents shall: (a) file corrected substitute exhibits for all flawed exhibits currently on file; (b) file a corrected index of exhibits; and (c) certify that to the best of respondents' knowledge following staff review of each and every page in the prior exhibits and index of exhibits, all errors in the exhibits and index have been corrected. A substitute exhibit will be designated as such with a "-A" suffix to the prior exhibit or partial exhibit number, such as, *e.g.,* Exhibit 153-A or 213C-A. In the corrected index of exhibits, any exhibit (or substitute exhibit) shall retain its original base exhibit number, such as, *e.g.*, Exhibit 17 (or 17-A), notwithstanding any correction of the date of the exhibit in the index. Respondents need not – and shall not – refile the entire set of state court record exhibits including exhibits already on file that have no errors.

IT IS FURTHER ORDERED that, also within thirty (30) days of entry of this order, respondents shall supplement the record, with exhibits numbered in sequential order to respondents' prior exhibits and which are included in the above corrected index of exhibits, copies of the following, if available: (a) the state district court minutes; (b) the witness and expert witness lists (two lists total) filed by the State (?) on or about February 1, 2001; (c) the retainer or defense fee agreement executed on or about July 25, 2000; and (d) per a manual filing, any videos of trial proceedings that constituted an official court record. If any such materials do not exist or are not available, respondents shall so state along with the accompanying reason in a separate notice.

IT IS FURTHER ORDERED that, within thirty (30) days of service of respondents' responses as directed above, petitioner: (a) shall file a second amended petition that incorporates citations to state court record materials filed by respondents by reference to the ECF number and electronic docketing page number of the filing in the federal record;[4]

---

[4] For example, a citation to page 3 of the transcript currently filed as Exhibit 146 would read: "ECF No. 63-6, at 4."

and (b) if citing to state court record materials that respondents have not filed, shall file copies of the materials, citing to them in the second amended petition by exhibit number and page therein if necessary. The second amended petition shall make no other changes to the first amended petition absent an accompanying motion for leave to amend specifically identifying the proposed change(s), and no response shall be required separately to the second amended petition unless later ordered by the Court.

IT IS FURTHER ORDERED that, also within thirty (30) days of service of respondents' responses as directed above, petitioner, if she wishes for the Court to consider any video exhibits not then on file, shall file a motion for the admission of the video exhibits, supported by directly apposite authority along with presentation of the proposed exhibits as manually-filed exhibits submitted with the motion. Briefing on any such motion will be as per the local rules, and any associated requests for extension of time are strongly discouraged.[5]

Any additional exhibits filed or tendered by petitioner in response to this order shall be numbered sequentially following the last exhibit number used by respondents.

DATED: August 9, 2019

_____
RICHARD F. BOULWARE, II
United States District Judge

---

[5] This, too, is a matter that should have been addressed by counsel years ago. As noted previously, the Court is not inclined to delay a final resolution of this matter for an extended collateral dispute over admission of video exhibits.